NICODEMUS and another v. FRAZIER.

*(Circuit Court, D. Maryland. January 24, 1884)*

PATENTS FOR INVENTIONS—COMBINATION VOID FOR WANT OF PATENTABILITY.
    Patent No. 241,405, granted December 27, 1881, to Nicodemus & Weeks, for improvement in apparatus for processing canned goods, *held* to be a combination of old elements, void for want of patentability.

In Equity.
*Sebastian Brown*, for complainants.
*John H. Barnes*, for defendant.

MORRIS, J. Bill of complaint for infringement of patent No. 241,405, granted to complainants December 27, 1881. Complainants' patent is for an improvement in an apparatus for processing canned goods. To enable the goods, after being put in hermetically-sealed cans, to be subjected to a higher degree of heat than 212 degrees Fahrenheit, the complainant provides a vessel, or kettle, with a steam-tight cover in which the cans may be placed, and the steam admitted until the temperature is raised to the required degree. The cans being subjected while in the steam-tight vessel to the pressure of the confined steam are not liable to be burst by the explosive pressure generated within them. The steam-tight processing vessel is substantially the same contrivance described and claimed in patent No. 149,256, granted to Andrew K. Shriver March 31, 1874. Shriver's contrivance is not claimed by him in his patent in combination with any boiler or steam generator, but simply as a steam-tight processing vessel, to be supplied with steam from any convenient steam generator.

The complainant in his patent claims this steam-tight vessel in combination with an ordinary tubular boiler, and it is described and shown as placed upon the boiler with the bottom extending downward a little distance into the boiler itself. The first claim is for the combination of the vessel and the boiler, the vessel mounted upon

the boiler and communicating with the steam drum. The second claim is for the combination of the vessel and boiler, with the vessel resting upon and partially within the boiler. The third claim is for the combination of the same elements in connection with a removable lid for the kettle, a clamp to fasten it, a gage cock and pipe, all of

and original inventor of the said device, or so much thereof as is patentable." The answer also contains this statement:

"*Fourth*, this respondent charges that said complainants are not the original and first inventors of the processing apparatus patented as aforesaid by them, but charges that the same was well known and publicly exhibited by said Frazier (the respondent) in Baltimore city, Maryland, 132 Thames street, before the date of complainants' alleged invention or discovery of the same, *which is but an aggregation of old and well-known devices, and producing no new and useful result,* and that the following persons of Baltimore city had knowledge of the existence of the said invention in said city, and will testify in behalf of respondent, to-wit, etc.:

"*Fifth,* and this respondent charges that the complainants, well knowing this respondent to be the true, just, and original inventor of said device, sought to deprive him of the just fruits of his invention, and did, surreptitiously and fraudulently, obtain from respondent a knowledge of said invention, and secretly, and without the knowledge or consent of this respondent, obtain a patent therefor by falsely and deceitfully representing themselves to be the first inventors thereof. And this respondent charges that as soon as he was advised of the issuing of said patent No. 251,456 to complainants he proceeded to the city of Washington and instituted at the United States patent-office proceedings in interference, and accordingly interference was declared, under which the questions of priority of invention will be adjudicated and determined."

The answer, it will be seen, claims that the respondent is entitled to a patent, and is striving to obtain a patent, for the very thing patented to the complainants; and although, in a parenthetical and indirect fashion, the respondent does intimate that the alleged invention is but an aggregation of old and well-known devices, producing no new results, the substantial defense in the answer, and attempted to be established by respondent's proof, is that the invention and the patent of right belong to him, and that the complainant stole it from him. Indeed, the copy of the Shriver patent was not put in evidence by respondent until the very last sittings for taking testimony, and more than a year after the first testimony was taken. I think, however, that this is a case in which the want of patentability is clear, and that, as ruled by the supreme court in *Slawson* v. *Grand Street R. Co.* 107 U. S. 652, [S. C. 2 Sup. Ct. Rep. 663,] the court may, *sua sponte,* without looking into the answer, dismiss the bill on that ground, and that it cannot be the duty of the court to render a money decree for the infringement of a void patent, even though that defense is not properly made by the respondent. In the case before the supreme court they held that a mere inspection of the Slawson patent showed it to be void on its face. It may be that such an inspection merely of complainant's patent would not show it to be void on its face; but reading it, as it is proper it should be read, with some knowledge of the state of the art, and particularly with a knowledge of the contrivances made known to the public by Shriver's patent nearly eight years prior to complainant's patent, it then becomes evident that there is nothing new in any of the elements of the combination, and,

indeed, it is not claimed in the patent that there is, and it is plain on the face of the patent that, as a combination of old elements, there is nothing patentable in the combination.

Bill dismissed, without costs.